## ABNER P. WELLCOME *vs.* PEOPLE'S EQUITABLE MUTUAL FIRE INSURANCE COMPANY.

When a policy, issued by a mutual fire insurance company, is expressly made subject to the provisions and conditions of the by-laws of the company, one of which provides that, in case of loss, the insurance shall not be payable until the insured shall have delivered to the company a particular account in writing under oath, stating the nature and value of his interest therein; such an account, which does not state the nature and value of the insured's interest at the time of the loss, is insufficient; although it states that the entire property is destroyed; and although the value of the property was stated in the application, which was expressly " made a part of this policy," reference thereto being had for description."

ACTION OF CONTRACT upon a policy of insurance, whereby the defendants insured Mary Ann Whitten the sum of $400, " subject to the provisions and conditions of the charter and by-laws of said corporation," (which were printed on the back of the policy,) " upon the property described in application No. 5207, which is made a part of this policy, reference thereto being had for description; namely, upon her dwelling house, payable, in case of loss, to A. P. Wellcome, of Randolph, to the amount of his claim at the time of loss." In said application, a dwelling house, situated in Randolph, is described by its dimensions, and valued at $600.

The fourteenth article of the defendants' by-laws provides that " in case of loss, the insured shall, as soon as may be, deliver to the president or secretary a particular account in writing, under oath, stating the value of the property lost, the nature and value of his interest therein, the amount of insurance at other offices, the cause and origin of the fire, so far as known, and the value of such part as remains. Until this duty has been fully done on the part of the insured, the insurance or any part thereof shall not be payable."

At the trial in the court of common pleas, the plaintiff introduced evidence tending to show the title of Mary A. Whitten to the insured property, and the amount due from her to him at the time of the loss, and also the value of the property destroyed; and to show that he had complied with this by-law,

gave in evidence a notice, (which was duly mailed,) addressed "to the president or secretary of" the defendants, and signed and sworn to by Mary A. Whitten before a justice of the peace, on the 26th of November 1853, which was in these words: "I hereby notify you that the property described in application No. 5207, and insured by your company against loss or damage by fire in the sum of $400, has been destroyed by fire; and as the entire sum for which said property was insured is due from me to A. P. Wellcome, of Randolph in the county of Norfolk, trader; and as, by the terms of the policy, the amount of the insurance is to be paid to him, to the amount of his claim at the time of the loss; I hereby notify and request you to pay said sum of $400 to said Wellcome or his order. There was no insurance upon said property at any other office; and the cause and origin of the fire, to my best belief and knowledge, was accidental; and the value of such part as remained after the fire, so far as I am able to judge, amounts to the sum of ten dollars." But *Mellen*, C. J. instructed the jury that this notice was insufficient; the jury returned a verdict for the defendants; and the plaintiff alleged exceptions.

*A. L. Cushing*, for the plaintiff. The application, which is signed by the insured, and made a part of the policy, states the value of the property insured to be $600. The statement under oath, that the entire property is destroyed, is such a statement of the value of the property as substantially complies with the 14th by-law; and a substantial compliance is all that is required. *Liscom* v. *Boston Mutual Fire Ins. Co.* 9 Met. 205.

*C. I. Reed*, for the defendants.

MERRICK, J. This policy is expressly made "subject to the provisions and conditions of the charter and by-laws" of the defendants, and they are thus made an essential part of the contract of insurance. *Barrett* v. *Union Mutual Fire Ins. Co.* 7 Cush. 179. The notice of loss, given by the insured, was not such a notice as is made indispensable by the fourteenth article of those by-laws, to entitle the plaintiff to recover any part of the insurance. It was materially defective, inasmuch as it contained no account whatever of the nature or value of the inter-

est which Whitten had in the property at the time of its de-struction by fire. Such an account might be useful to the defendants in various ways and for many purposes. It would be so particularly in reference to the question whether the property insured had been alienated; because, by the eleventh article of the by-laws, " when any property shall be alienated, by sale or otherwise, the policy thereon shall be void, unless the grantee or alienee have it transferred to him, and make application to the secretary to have the same ratified and continued in force for his benefit." But whatever may be the extent or the degree of its importance to the defendants, the parties, by an express stipulation, have made the rendition of such an account an essential prerequisite to the right to recover any part of the insur-ance. The plaintiff, having failed to comply with this indispen-sable condition, can maintain no action against the defendants upon the policy. *Exceptions overruled.*